# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. GARCIA,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, FCI MENDOTA,<br><br>    Respondent. | Case No. 1:23-cv-00833-SAB-HC<br><br>ORDER DIRECTING RESPONDENT TO FILE COPY OF PETITIONER'S PURPORTED FINAL ORDER OF REMOVAL AND SUPPLEMENTAL BRIEF |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges a Federal Bureau of Prisons' policy that excludes inmates with immigration detainers from applying their First Step Act ("FSA") Earned Time Credits ("FTCs" or "ETCs"). (ECF No. 1.) Respondent has moved to dismiss the petition, arguing, among other grounds, that "Petitioner has been determined ineligible to apply FSA ETCs" because "BOP, Department of Homeland Security, and Immigration and Customs Enforcement (ICE) records indicate Petitioner has a 'final order of removal'." (ECF No. 11 at 2.)[1] Respondent has submitted a declaration from a Correctional Programs Administrator for the Western Region of the Federal Bureau of Prisons who declared in pertinent part:

> BOP has determined that Petitioner is ineligible to apply FTCs because the inmate is subject to a final order of removal under immigration laws pursuant to 8 U.S.C.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

> § 1101(a)(17) and 18 U.S.C. § 3632(d)(4)(E)). I have personally reviewed and can verify the existence of the Final Order of Removal, dated September 14, 1999, that BOP obtained through the Department of Homeland Security's Immigration and Customs Enforcement.

(ECF No. 11-1 at 8.)

Section 3632(d)(4)(A) provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A). "Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). However, subparagraph (E) provides:

> **(E) Deportable prisoners ineligible to apply time credits.**--
>
> **(i) In general.**--A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).
>
> **(ii) Proceedings.**--The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to proceedings described in section 238(a) of that Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration.

18 U.S.C. § 3632(d)(4)(E). Therefore, "if the prisoner is the subject of a final order of removal under any provision of the immigration laws," then such a prisoner cannot apply earned time credits toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C), (E)(i).

"When an alien subject to removal leaves the country, the removal order is deemed to be executed. If the alien reenters the country illegally, the order may not be executed against him unless it has been 'reinstated' by an authorized official." Morales–Izquierdo v. Gonzales, 486 F.3d 484, 487 (9th Cir. 2007). The Ninth Circuit has "stressed that reinstatement is not

'automatic' and instead requires the government to follow certain procedures to obtain a reinstated removal order."[2] Lopez v. Garland, 40 F.4th 996, 1001 (9th Cir. 2022) (citing Alcala v. Holder, 563 F.3d 1009, 1013 (9th Cir. 2009), and Galindo-Romero v. Holder, 640 F.3d 873, 879–80 (9th Cir. 2011)), cert. denied sub nom. Luvian v. Garland, 143 S. Ct. 2461 (2023). The Court notes that Respondent has not provided the Court with a copy of the final order of removal. The Court further notes that the purported final order of removal is dated September 14, 1999, and there is currently nothing in the record before this Court establishing that the government has fulfilled the requirements to secure reinstatement of Petitioner's 1999 removal order.

The Court finds that supplemental briefing regarding the meaning of "the prisoner is the subject of a final order of removal" in 18 U.S.C. § 3632(d)(4)(E)(i), whether a prisoner who was previously removed pursuant to a final order of removal that has not been reinstated by an authorized official qualifies as being "the subject of a final order of removal," and whether Petitioner "is the subject of a final order of removal" under 18 U.S.C. § 3632(d)(4)(E)(i), would assist the Court in this matter. Pursuant to Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"),[3] the Court also will order Respondent to file a copy of Petitioner's purported final order of removal and provide Petitioner an opportunity to file a response. See Habeas Rule 7(a), (c) (providing that "the judge may direct the parties to expand the record by submitting additional materials relating to the petition" and "must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness").

---

[2] "[T]he statute's implementing regulation 'requires that before a prior order can be reinstated, the immigration officer must (1) obtain the prior order related to the alien, (2) confirm that the alien under consideration is the same alien who was previously removed or voluntarily departed, and (3) confirm that the alien unlawfully reentered the United States.'" Alcala v. Holder, 563 F.3d 1009, 1013 (9th Cir. 2009) (quoting Lin v. Gonzales, 473 F.3d 979, 983 (9th Cir. 2007) (citing 8 C.F.R. § 241.8(a)). "If these requirements are met, the immigration officer must then provide the alien with written notice of the determination and give the alien an opportunity to make a statement contesting the determination before an immigration officer." Alcala, 563 F.3d at 1013 (citing 8 C.F.R. § 241.8(b)). "Only if the requirements of 8 C.F.R. § 241.8(a) and (b) have been satisfied is the alien removable under the previous order." Alcala, 563 F.3d at 1013 (quotation marks omitted) (quoting Lin, 473 F.3d at 983) (citing 8 C.F.R. § 241.8(c)).

[3] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. Within THIRTY (30) days of the date of this order, Respondent SHALL FILE:

3      a. a supplemental brief addressing 18 U.S.C. § 3632(d)(4)(E)(i) as set forth above;

4      b. a copy of Petitioner's final order of removal; and

5      c. any and all documents necessary for the resolution of the issue of whether Petitioner "is the subject of a final order of removal" under 18 U.S.C. § 3632(d)(4)(E)(i), including but not limited to, immigration detainers, and any and all documents establishing that the government has fulfilled the requirements to secure reinstatement of Petitioner's 1999 removal order;[4] and

6  2. Within THIRTY (30) days of the date of service of Respondent's supplemental brief and supplement to the record, Petitioner may file a response.

IT IS SO ORDERED.

Dated:  **December 11, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[4] The Court notes that there are additional petitions and motions to dismiss concerning similar issues in other cases before this Court. In due course, the Court may issue similar orders to supplement the record and for further briefing in those matters.  However, if may be prudent for Respondents to now supplement the record in those cases without the need for the Coirt to issue further orders.  Any future filings by Respondent shall include such information and records.