## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. GARCIA,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN, FCI MENDOTA,<br><br>    Respondent. | Case No. 1:23-cv-00833-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, TERMINATE RESPONDENT'S MOTION TO DISMISS, AND DENY RESPONDENT'S SUPERSEDING MOTION TO DISMISS AS MOOT<br><br>(ECF Nos. 11, 13)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

In the petition, Petitioner challenges the Federal Bureau of Prisons' policy 5410.01, "last amended 3/10/2023." (ECF No. 1 at 2. [1]) Petitioner alleges that the policy excludes inmates with immigration detainers, like Petitioner, from applying First Step Act ("FSA") Earned Time Credits ("FTCs" or "ETCs"). (Id. at 2, 6.) Petitioner requests that the Court direct the Federal

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Bureau of Prison ("BOP") to immediately calculate and apply all of the FTCs to which he is entitled. (Id. at 7.)

On September 14, 2023, Respondent moved to dismiss the petition in part due to lack of constitutional standing and failure to state a claim under law because Petitioner is the subject of a final order of removal. (ECF No. 11 at 3.) No opposition or statement of non-opposition to the motion to dismiss was filed. On December 11, 2023, the Court ordered Respondent to file a copy of Petitioner's purported final order of removal and to file a supplemental brief. (ECF No. 12.)

On January 10, 2024, Respondent filed a superseding motion to dismiss the petition on the following grounds: (1) the Court lacks "statutory authority under § 2241 to compel BOP discretionary (sentence end-phase programming) action via declaratory and advisory opinions"; (2) failure to exhaust administrative remedies; (3) lack of constitutional standing and failure to state a claim because Petitioner is the subject of a final order of removal. (ECF No. 13 at 2, 3.) On January 25, 2024, Respondent file a supplemental brief. (ECF No. 17.) Respondent also filed a copy of an order by an immigration judge, dated September 14, 1999, finding that Petitioner "is subject to removal" and ordering that Petitioner "be removed from the United States to Mexico." (ECF No. 19.) To date, no opposition or statement of non-opposition to the superseding motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

1      Here, Petitioner was released from BOP custody on January 26, 2024.[2] (ECF No. 13-1 at
2  2.) As the Court cannot provide the relief sought by the petition, the petition should be dismissed
3  as moot. See Sila v. Warden, No. EDCV 22-1632 RSWL (AS), 2023 WL 2504476, at *2 (C.D.
4  Cal. Feb. 13, 2023) ("[E]ven if Petitioner is currently on supervised release and seeks to apply
5  First Step Act credits to reduce his term of supervised release, that relief is unavailable here. The
6  First Step Act . . . does not provide for a reduction of supervised release terms, and the BOP is
7  not authorized to reduce such terms.") (collecting cases), report and recommendation accepted,
8  2023 WL 2504989 (C.D. Cal. Mar. 13, 2023).

### III.
### RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED AS MOOT;
2. Respondent's motion to dismiss (ECF No. 11) be TERMINATED;
3. Respondent's superseding motion to dismiss (ECF No. 13) be DENIED AS MOOT.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v.

---

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search by "BOP Register Number" for "13657-035") (last visited Mar. 25, 2024). See United States v. Basher, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (taking judicial notice of publicly available information from the Federal Bureau of Prisons Inmate Locator).

Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 26, 2024**

UNITED STATES MAGISTRATE JUDGE